Harold SMITH, Ann Simms and Alan C. Simon, Members of the City Council of the City of Prospect, Appellants,

v.

Lawrence C. FALK, Mayor of the City of Prospect, Appellee.

No. 93–SC–856–DG.

Supreme Court of Kentucky.

Oct. 27, 1994.

James E. Milliman, Dana L. Lucas, Middleton & Reutlinger, Louisville, John E. Evans, Evans, Willock & Graham, Louisville, for appellants.

Joseph G. Glass, Louisville, for former appellee.

OPINION OF THE COURT

We granted discretionary review to resolve this dispute between members of the council

of the fourth-class city of Prospect and its then-mayor Nell Owen Glass concerning the meaning of the words "in place of" in KRS 83A.130(5). Since 1980, that statutory section has provided as follows:

> The mayor shall preside at meetings of the council. The council may set by ordinance the manner in which one of its number may be selected to preside at meetings of the council in place of the mayor. The mayor may participate in council proceedings, but shall not have a vote, except that he may cast the deciding vote in case of a tie.

Prior to 1980, the General Assembly utilized "in the absence of" language in similar contexts. Opinions of the Attorney General, even after 1980, have read the statutory language as reserving to the mayor in the city-council form of municipal government the power to preside at all council meetings attended by the mayor. *See, e.g.,* OAG 81–338, an opinion reaffirmed by the Attorney General in an answer provided to Prospect's city attorney shortly before this declaratory judgment action was filed.

Embracing the debatable difference between "in the absence of" and "in place of," however, Prospect's council passed over mayoral veto a 1992 ordinance and municipal order providing that certain council members would preside over all council meetings, including those attended by the mayor. Such rearrangement of the balance of city power, the litigating council members have contended, must have been envisioned by the General Assembly under a literal interpretation of the broad words "in place of." Mayor Glass, on the other hand, has emphasized the mandatory language of the first sentence of KRS 83A.130(5). Further, she has submitted, the General Assembly did not intend to permit an absurdity in an affront to the separation of city executive and legislative power.

Although questioning the wisdom of the literal language "which allows the local legislative body to demote the executive official to a mere 'Ribbon Cutter,' " the circuit court adjudged that the council was within its statutory authority in providing by ordinance and municipal order that specified council members would preside over council meet-

ings rather than the mayor. The Court of Appeals, however, reversed the circuit court in that regard on the basis that literal reading of the statute created an absurdity.

We agree with the Court of Appeals that the General Assembly did not intend the illogical result of permitting a city council in a mayor-council form of city government to eliminate the city executive's power to preside over the meetings of the city legislative body. In particular, we are persuaded by the language of the whole statute, including the initial mandatory provision of KRS 83A.130(5) that "[t]he mayor shall preside at meetings of the council." Although legislative intent may have been more manifest in the previous language addressing council's powers "in the absence of" the mayor, we agree with the common sense interpretation by former Mayor Glass, the Attorney General and the Court of Appeals that the "in place of" language utilized in 1980 was not intended to permit drastic revision of mayoral power at council's whim.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents and files a separate dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the literal interpretation of the words "in place of" in KRS 83A.130 permits the city council to relieve the mayor of the power to preside at the city legislative meetings.

The judgment of the circuit court should be reinstated because the "in place of" words should be given their literal interpretation. Consequently, the members of the city council of the City of Prospect which is a city of the fourth class in the mayor-council form of government have the authority conferred by KRS 83A.130(5) to designate one of their own members to preside over the city council meetings at which the mayor still may participate and vote in the event of a tie.

**704**

It is interesting to note that due to the passage of time and the legitimate political decisions of the voters of the City of Prospect, a new mayor has been elected who now agrees with the city council members that the statutes should be so construed.

The literal interpretation permits a city council in such a mayor-council form of government to virtually eliminate the mayor's power to preside over the meetings of city council. The mayor retains the executive power and the authority provided by KRS 83A.130(5) to participate in council meetings and to cast tie-breaking votes.

Certainly reasonable arguments have been made by both sides on the question of whether KRS 83A.130(5) permits council to select one of its own to preside at its meetings. Previous statutory language stated the powers of council "in the absence" of the mayor. Since 1980, KRS 83A.130(5) has provided as correctly quoted in the majority opinion. The previous mayor had persuaded the Court of Appeals that the statutory interpretation of the circuit court created an absurdity. Attorney General opinions over the years in this regard have favored the former mayor's position, but those opinions were all rooted in the previous statutory language of "in the absence of."

Although this may be considered a small matter involving language only, the integrity of the statutes and its proper interpretation as literally written are of paramount importance to a stable structure of government. If the statute is at fault or vague, then it should be amended. Otherwise, it should be applied.